For meaning of Abreviations, See Ternary Digest, page XII.

---

### No. 524

### PALMER-BLAIR CO. v. TOLEDO MANTEL & TILE CO.
No. 19778. Supreme Court
On motion to certify. Dock. Apr. 17, 1926.

**1235. VERDICTS—If an excessive verdict is rendered by a jury under the influence of passion and prejudice, may the trial court order a remittitur and render judgment for a sum supported by the evidence or must a new trial be granted?**

The Toledo Mantel & Tile Company brought this action originally in the Lucas Common Pleas against The Palmer-Blair Co. for damages arising from a breach of contract to sell certain real estate.

It appears that the Palmer-Blair Co. acting as agent for the owner of a certain piece of real estate accepted the offer of The Toledo Mantel & Tile Co. to purchase it for $32,500 and then later refused the offer.

Upon the owner's refusal to comply with the contract suit was brought for damages.

The jury returned a verdict for $12,243, an amount in excess of the disclosures of the evidence. Apparently the jury was influenced by prejudice and emotion and the trial judge overruled a motion for a new trial after ordering a remittitur and giving judgment for $7,500.

The Appeals, with consent of judgment creditor remitted $1500 from the judgment and thereupon affirmed it.

The Palmer-Blair Co., in the Supreme Court, contends that the verdict of the jury was arrived at under the influence of passion and prejudice and the courts below erred in refusing the defendant a new trial, and therefore the court has no discretion except to set aside the verdict nder a proper construction of Section 11576 of the General Code of Ohio.

**Attorneys**—Ritter & Brumback and Chas. K. Friedman, for Pltf; C. A. Thatcher for Deft.; all of Toledo.

### No. 525

### KOPPE v. STATE
No. 19798. Supreme Court
On motion to certify. Dock. Apr. 29, 1926.

**456. EMBEZZLEMENT—Is a mayor guilty of embezzlement when he fails to pay into the City Treasury all moneys collected from fines, etc. within the statutory period, if, after his books are audited by the State Department, he immediately pays the discrepancy shown by such audit?**

F. A. Koppe was found guilty of embezzlement by a jury at trial of the case in the Hocking Common Pleas.

It appears that Koppe as mayor of Logan collected certain moneys from fines, licenses, etc. and failed to turn the full amount collected over to the Treasurer on the first day of the following month as provided by statute.

There was no evidence showing an actual appropriation of the money which it is claimed is necessary in addition to the intent to appropriate money because the intent without the act is no crime.

Koppe in the Supreme Court contends:

1. That the court erred in refusing to direct a verdict in his favor on the ground that there was no evidence to disclose appropriation.

2. That the court erred in charging the jury concerning a prima facie case because the mayor's immediate payment of the sum found to be due would preclude the possibility of a prima facie case.

3. The court erred in submitting the question to the jury of whether or not the mayor failed to pay all moneys as provided by statute.

**Attorneys**—H. M. Whitecraft, Logan, Hogan & Hogan, Columbus, for Koppe; E. Wright, Logan, State.